SHROEDER *v.* JOHNSON.

5-2812                                                361 S. W. 2d 739

Opinion delivered November 19, 1962.

*A. A. McCormick,* for appellant.

*Sexton & Morgan* and *Charles R. Garner,* for appellee.

PAUL WARD, Associate Justice. This is the second appeal involving the same parties and the same intersection collision between two automobiles. For the decision on the first appeal see: *George Shroeder* v. *Billy Wayne*

*Johnson, Mary Imogene Johnson, T. J. Johnson,* and *Arlene Johnson,* 234 Ark. 443, 352 S. W. 2d 570.

Since the first opinion contains a full statement relative to the physical features leading up to and surrounding the collision we deem it unnecessary to repeat many of them here. Appellant's car while proceeding east on a secondary road collided with the car driven by Arlene Johnson while it was going north on Highway 45 which is a principal artery of traffic. There was a stop sign on the secondary road where it intersected the principal highway. The collision occurred near the middle of the intersection. With this brief statement we will now discuss the four grounds relied on by appellant for a reversal.

1. We are unable to agree with appellant's contention that the trial court erred in refusing to direct a verdict in his favor at the close of the plaintiffs' testimony. Mrs. Arlene Johnson, who was driving her car, testified that as she approached the intersection and slowed down she saw appellant's car approaching from the west as it was some distance from the intersection; it was moving from behind the big church sign or stop sign; she naturally thought he would stop before pulling out on the highway; when she saw he was not going to stop she honked the horn and immediately applied the brakes, but was unable to avoid the accident. Mrs. Imogene Johnson, who was in the car with Arlene, stated she saw appellant approaching the intersection slowly — just barely moving — and he didn't stop. There was other corroborating testimony, but what we have set out is sufficient to constitute substantial evidence of appellant's negligence under the circumstances of this case. See our quotation from *Ness* v. *Males,* 201 Md. 235, 93 A 2d 541, set out in the first *Shroeder* opinion.

2. It is next insisted that the trial court erred "in refusing to permit Mr. Lile Johnson to testify". During the trial appellant's attorney announced he would like to call Lile Johnson to testify relative to an experiment he made the previous day by driving a car (similar to the

one driven by Mrs. Arlene Johnson at the time of the collision) to determine the distance it took to stop at certain speeds — on Highway 45 approaching the intersection. After a conference in chambers the trial judge refused to admit the testimony. This ruling was not reversible error for many reasons. In the first place, it was a matter within the discretion of the court. See: *Little Rock Gas & Fuel Co.* v. *Coppedge,* 116 Ark. 334, 172 S. W. 885. In addition, the trial court pointed out several instances of different conditions and circumstances obtaining when Mrs. Johnson was driving and when the experiment was performed.

3. Appellant contends the judgments are excessive. The jury awarded $2,009.17 to Mrs. Arlene Johnson which is the only amount challenged. The challenge is based solely on the following incident. Mrs. Johnson, after being knocked unconscious with lacerations about the head, spent five days in the hospital. One day after she returned home she was feeding her baby when it caused the plastic nursing bottle to strike her (Mrs. Johnson's) head and broke the stitches on a laceration. As a result Mrs. Johnson had to return to the hospital to have the stitches reset and stayed seven days. It is appellant's contention that "the proximate cause of this last injury was plaintiff's own negligence and that the verdict is excessive." One answer to this contention is that there is nothing in the record to show the jury allowed anything for the "last injury." We have carefully reviewed the other testimony (unchallenged here by appellant) relative to Mrs. Johnson's injuries, and cannot say the jury's judgment in the stated amount is not supported by substantial evidence.

4. Under the last allegation of error appellant states: "The jury's verdict is contrary to the law and the evidence." Appellant has argued no exceptions to any instructions given by the court. It would serve no useful purpose to reiterate the testimony relative to the negligence or lack of negligence on behalf of the parties

involved, since we have already noted sufficient evidence to support the jury's verdict.

Finding no error the judgment of the trial court is affirmed.